**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA LAGUNAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COLLECTION SERVICES OF ATHENS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, LISA LAGUNAS (Plaintiff), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, COLLECTION SERVICES OF ATHENS, INC., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing in the Chamblee, Dekalb County, Georgia.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9.  Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Athens, Georgia.

11. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. On March 9, 2016, Defendant placed a collection call to Plaintiff on Plaintiff's home telephone number, ending in 6210.

19. Defendant placed the call from 706-357-9130, which is one of Defendant's telephone numbers.

20. Plaintiff answered Defendant's collection call on March 9, 2016, and spoke with a woman collector.

21. Defendant's collector who spoke with Plaintiff was working within the scope of her employment when communicating with Plaintiff in an attempt to collect a debt.

22. During the aforementioned conversation Defendant's collector did not state that the call was from COLLECTION SERVICES OF ATHEN, INC.

23. During the aforementioned conversation Defendant's collector did not state that the collector was attempting to collect a debt.

24. During the aforementioned conversation, Plaintiff asked to speak with the collector's supervisor and Defendant's collector hung up on her.

25. Defendant's collectors are familiar with the FDCPA.

26. Defendant's collectors know the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

27. Defendant's collectors know the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt.

3

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

29. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

  a. Defendant violated §1692b(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to identify itself as COLLECTION SERVICES OF ATHENS, INC. when communicating with Plaintiff in an attempt to collect the alleged debt; and

  b. Defendant violated §1692e(11) of the FDCPA when Defendant spoke to Plaintiff and failed to inform Plaintiff that the communication was an attempt to collect a debt.

WHEREFORE, Plaintiff, LISA LAGUNAS, respectfully requests judgment be entered against Defendant, COLLECTION SERVICES OF ATHENS, INC., for the following:

31. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

32. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

33. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

July 5, 2016                    By:_/s/ _Shireen Hormozdi_____
                                    Shireen Hormozdi
                                    SBN: 366987
                                    Hormozdi Law Firm, LLC
                                    1770 Indian Trail Lilburn Road, Suite 175
                                    Norcross, GA 30093
                                    Tel: 678-395-7795
                                    Fax: 866-929-2434
                                    shireen@agrusslawfirm.com
                                    shireen@norcrosslawfirm.com
                                    Attorney for Plaintiff